1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ETELBINA M.,

10
                            Plaintiff,                    CASE NO. C19-5307-MAT

11
            v.

12                                                        ORDER  RE: SOCIAL SECURITY
    ANDREW M. SAUL,                                       DISABILITY APPEAL
    Commissioner of Social Security,
13
                            Defendant.
14

15      Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

16  the Social Security Administration (Commissioner).  The Commissioner denied applications for

17  Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing

18  before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, administrative

19  record (AR), and all memoranda, this matter is REMANDED for an award of benefits.

20                          **FACTS AND PROCEDURAL HISTORY**

21      Plaintiff was born on XXXX, 1979.[1]  She obtained her GED and previously worked as a

22

23
            ---
            [1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

    ORDER
    PAGE - 1

machine packager, fruit farm worker II, industrial cleaner, material handler, yarn winder, boat patcher, fast food worker, amusement park worker, cleaner housekeeper, and sales representative. (AR 53, 976-77.)

Plaintiff filed DIB and SSI applications in June 2012, alleging disability beginning April 24, 2012. (AR 223, 231.) The applications were denied initially and on reconsideration.

On June 9, 2014, ALJ Larry Kennedy held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 47-90.) On September 25, 2014, the ALJ issued a decision finding plaintiff not disabled. (AR 22-39.) Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on February 23, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision to the district court for the Eastern District of Washington.

On March 29, 2017, the district court issued a decision remanding this matter for further proceedings, including reassessment of plaintiff's symptom testimony and medical opinion evidence. (AR 1607-27.) The Appeals Council remanded the decision to the ALJ for further proceedings consistent with the order of the Court and for a new decision on consolidated claims, including later-filed DIB and SSI applications. (AR 1630.)

The ALJ held a second hearing on October 26, 2018, taking testimony from plaintiff and a VE. (AR 1450-97.) In a decision dated February 5, 2019, the ALJ again found plaintiff not disabled. (AR 955-78.) Plaintiff thereafter appealed the case directly to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining

ORDER
PAGE - 2

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ noted evidence of earnings in 2013 and plaintiff's testimony of performing temporary jobs as a housekeeper and flagger, but found this work did not amount to substantial gainful activity. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found the following impairments severe: obesity; status-post gastric bypass surgery, with residual complications of anemia; degenerative changes of the lumbar spine vs. sacroiliac (SI) joint impairment, status-post fusion; hiatal hernia; right shoulder impairment; urinary frequency/incontinence; bipolar disorder; post-traumatic stress disorder (PTSD); generalized anxiety disorder; personality disorder; and substance use disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, with the following non-exertional limitations: frequently reach; occasionally balance, stoop, kneel, and crouch; never climb or crawl; avoid concentrated exposure to vibrations, heights, and hazards; perform simple, routine tasks and follow short, simple instructions; work that needs little or no judgment and simple duties that can be learned on-the-job in a short period; work environment with minimal supervisor contact (minimal does not preclude all contact and means contact that does not occur regularly; minimal also does not preclude simple and superficial exchanges or being in proximity to supervisors); can work in proximity to co-workers, but not in a cooperative or team effort; no more than superficial interactions with co-workers; work environment that is predictable and with few work setting changes; and no public contact. With

ORDER
PAGE - 3

1   that RFC, the ALJ found plaintiff unable to perform any past relevant work.

2       If a claimant demonstrates an inability to perform past relevant work, or has no past

3   relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

4   retains the capacity to make an adjustment to work that exists in significant levels in the national

5   economy.  With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs,

6   such as work as a basket filler, bakery worker, and garment sorter.

7       This Court's review of the ALJ's decision is limited to whether the decision is in

8   accordance with the law and the findings supported by substantial evidence in the record as a

9   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d

10  1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported

11  by substantial evidence in the administrative record or is based on legal error.")  Substantial

12  evidence means more than a scintilla, but less than a preponderance; it means such relevant

13  evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v.*

14  *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of

15  which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

16  F.3d 947, 954 (9th Cir. 2002).

17      Plaintiff argues the ALJ erred at step three, in weighing medical opinions and her symptom

18  testimony, and at step five.  She requests remand for an award of benefits or, alternatively, for

19  further proceedings.  The Commissioner argues the ALJ's decision has the support of substantial

20  evidence and should be affirmed.

21                              Step Three and Beyond

22      In determining whether a mental impairment meets a listing at step three, the ALJ must

23  follow a "special technique."  20 C.F.R. §§ 404.1520a(a)-(b), 416.920a(a)-(b).  The technique

requires consideration of: (1) whether specific diagnostic criteria are met ("paragraph A" criteria); and (2) whether specific impairment-related functional limitations are present ("paragraph B" and "paragraph C" criteria). §§ 404.1520a(b)-(c), 416.920a(b)(c). *See also* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2). For more than one mental impairment at issue in this case, listing-level severity requires satisfaction of both paragraphs A and B or paragraphs A and C. *See id*., §§ 12.00(A)(2), 12.04, and 12.06.

Plaintiff argues the ALJ erred in failing to specifically consider the paragraph C criteria. Under that criteria, a claimant can be found disabled upon showing a mental disorder is serious and persistent, meaning there is a medically documented history of the disorder for at least two years, and evidence of both:

> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); *and*
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

*Id*., §§ 12.04(A)(1), (C); 12.06(A)(1), (C). *Cf. id*., § 12.08 (satisfied by A and B criteria).

In this case, the ALJ appeared to presume satisfaction of the A criteria, discussed the evidence supporting his conclusion plaintiff's impairments did not satisfy the B criteria, and concluded the evidence failed to establish the presence of the paragraph C criteria. (AR 960.) With respect to the latter finding, the ALJ stated in full: "The record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life." (*Id*.)

Plaintiff characterizes the ALJ's analysis of the C criteria as an insufficient and

unsustainable boilerplate finding. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) ("A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listed impairment].") (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). She argues the record strongly supports the conclusion she meets the C criteria, pointing to the evidence of her numerous inpatient hospitalizations and other acute exacerbations in her mental health symptoms and decompensations. (*See* Dkt. 17 at 4.) She notes the ALJ's failure to specifically address medical opinion evidence both directly and indirectly supporting her satisfaction of the C criteria. (*See id*. at 5.) She rejects as an improper post hoc rationalization the contention the ALJ's later findings, in relation to her symptom testimony and the weighing of medical opinion evidence, could support his conclusion regarding the C criteria. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citations omitted). Plaintiff, finally, maintains the ALJ failed to follow the "law of the case" doctrine in finding, in conflict with the prior district court decision, her decompensations attributable to her non-compliance with medications, rather than her mental impairments. (*See* AR 1625.) She asserts an award of benefits is warranted.

The claimant bears the burden of proving an impairment or combination of impairments meets or equals the criteria of a listing. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). "An ALJ must evaluate the relevant evidence before concluding a claimant's impairments do not meet or equal a listing. *Lewis*, 236 F.3d at 512. While a "boilerplate finding" alone does not suffice, the ALJ's step three finding may be supported by a discussion of relevant medical evidence adequately supporting the conclusion. *Id*. at 512–13 (the law "requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do

so under the heading 'Findings.'") *See also Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments."; finding ALJ's summary of medical record provided sufficient factual foundation for conclusion claimant did not meet or equal any listing and allowed for reviewing court to know the basis for the decision). *Cf. Marcia*, 900 F.2d at 176 (ALJ's unexplained finding at step three was a reversible error).

"Marginal adjustment" means the claimant's adaptation to the requirements of daily life is "fragile," that is, the claimant has minimal capacity to adapt to changes in her environment or to demands not already part of her daily life. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(G)(2)(c). The ALJ will consider that a claimant has achieved only marginal adjustment when the evidence shows changes or increased demands have led to exacerbation of symptoms and signs and to deterioration in functioning, for example, where a claimant is unable to function outside of the home or a more restrictive setting without substantial psychosocial supports. *Id*. This deterioration may have necessitated a significant change in medication or other treatment or, because of the nature of the mental disorder, evidence may document episodes of deterioration that have required hospitalization or absences from work, making it difficult to sustain work activity over time. *Id*.

In this case, the ALJ's consideration and discussion of the medical evidence, both in relation to the B criteria and in the remainder of the decision, does not adequately support the step three conclusion. The Court, instead, finds the ALJ's decision, both at step three and beyond, to lack the support of substantial evidence.

The ALJ did not, for example, sufficiently address evidence specifically pertinent to the C criteria. The record in this case contains a significant amount of evidence supporting a finding of marginal adjustment, including multiple involuntary and voluntary psychiatric hospitalizations, an

ORDER
PAGE - 7

1  enhanced level of mental health treatment intervention, and episodes of decompensation. The ALJ

2  did not discuss any of this evidence at step three. (*See* AR 960.) While he later discounted this

3  evidence as attributable to plaintiff's poor treatment compliance and use of substances, that

4  conclusion is not a reasonable interpretation of the evidence. Rather, and as previously found by

5  the Eastern District of Washington, the evidence reflects plaintiff continued to suffer from

6  intermittent episodes of depression, mania, and other mental health symptoms even though her

7  symptoms also showed improvement with treatment, and the "ALJ's discussion of what he deemed

8  'improvement' ignores the episodic nature of bipolar disorder and the continuing nature of

9  Plaintiff's symptoms." (AR 1624.) Moreover, even where plaintiff's hospitalizations and other

10  episodes of decompensation followed medication non-compliance and/or her use of substances,

11  plaintiff's "unwillingness or an inability to adhere to her medication regime due to her mental

12  impairments[]" is reasonably construed as the result of her "struggles with mental disabilities."

13  (AR 1624-25.) That is: "The record demonstrates that, consistent with the nature of bipolar

14  disorder, Plaintiff's symptoms fluctuate, and although she may function well at times, she struggles

15  with the impairments imposed by her mental illness even while on medication." (AR 1625.) *See*

16  *generally Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999)

17  ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both

18  because mental illness is notoriously underreported and because 'it is a questionable practice to

19  chastise one with a mental impairment for the exercise of poor judgment in seeking

20  rehabilitation.'") (quoted source omitted).

21      A review of the medical opinion evidence provides support for this conclusion and

22  otherwise undermines the substantial evidence support for the ALJ's decision. As plaintiff

23  observes, the record contains numerous opinions of treating providers and examiners supporting

ORDER
PAGE - 8

her allegations and a finding of disability. For instance, on March 22, 2017, treating social worker Kelsi Kimura, MSW, specifically opined plaintiff met the C criteria. (AR 2488.) Kimura had provided treatment to plaintiff since early November 2014 as a part of a team of mental health providers ("PACT"), including doctors, "for a higher level of mental health care" after plaintiff's release from jail following a manic episode. (AR 2089-90.) As stated in a March 2015 letter signed by Kimura and Dr. Frank Garner, plaintiff "often presents as rapid with pressure of speech, labile, unable to sleep, and struggles to balance her thoughts, mood, and responsibilities[]" and, while consistent in keeping her various appointments with her treatment team, CPS, and legal requirements, "she has required support and often PACT staff presence in order to complete these due to her mental illness interfering with her ability to function." (AR 2089.) While the ALJ addressed these and other medical opinions at step four, he did not mention or consider the opinion regarding the C criteria. (*See* AR 972, 975 (noting and addressing Kimura's March 2017 opinion plaintiff met the B criteria and would be off-task twenty percent of the time and absent four or more days per month).) Earlier opinion evidence from other PACT providers similarly depicts plaintiff as continuing to experience debilitating mental health symptoms even when compliant with treatment, as well as worsening symptoms and decompensation when she did attempt work. (*See, e.g.*, AR 419-20, 446-47.) The ALJ's contrary consideration of this and other medical evidence, whether in relation to the conclusion at step three or as considered in subsequent steps, is neither rational, nor supported by substantial evidence.

Nor does there appear to be any dispute the remaining C criteria are satisfied in this case, including the existence of a medically documented history of one or more qualifying disorders for at least two years and evidence showing plaintiff's ongoing reliance on medical treatment and/or mental health therapy to diminish the symptoms and signs of such disorders. The Court, as such,

1 finds reversible error established at step three.

2     The Court also finds other errors throughout the ALJ's decision.   The ALJ did not, for

3 example, rationally construe the evidence to support the conclusion that, if plaintiff's "mental

4 symptoms were as chronic and debilitating as she claims, one would expect that she would make

5 every effort to follow her providers' recommendations." (AR 964.)  The evidence, instead, shows

6 plaintiff's lack of compliance resulted from her mental impairments.   The ALJ's errors in

7 consideration of the medical evidence permeate and implicate his consideration of both plaintiff's

8 symptom testimony and the medical opinion evidence, and necessarily extend to the RFC

9 assessment and conclusions at steps four and five.  The Court, as such, considers below the type

10 of remand warranted in this case.

11                                    Remand Standard

12     The Court has discretion to remand for further proceedings or to award benefits.  *See*

13 *Marcia*, 900 F.2d at 176.  However, a remand for an immediate award of benefits is an "extreme

14 remedy," appropriate "only in 'rare circumstances.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 495

15 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir.

16 2014)).  *Accord Leon v. Berryhill*, No. 15-15277, 2017 U.S. App. LEXIS 22330 at \*3, 874 F.3d

17 1130, ___ (9th Cir. Nov. 7, 2017) ("An automatic award of benefits in a disability benefits case is

18 a rare and prophylactic exception to the well-established ordinary remand rule.")

19     Before remanding a case for an award of benefits, three requirements must be met.  First,

20 the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether

21 claimant testimony or medical opinion.'"  *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v.*

22 *Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must conclude "'the record has

23 been fully developed and further administrative proceedings would serve no useful purpose.'"  *Id*.

ORDER
PAGE - 10

In so doing, the Court considers the existence of outstanding issues that must be resolved before a disability determination can be made. *Id*. Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

Finally, even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Id.* The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* As stated by the Ninth Circuit:

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Id.* (quoted sources omitted). *Accord Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

The ALJ in this case erred in numerous respects; in the step three analysis, in the consideration of the medical opinion and other evidence, in the consideration of plaintiff's symptom testimony and, as a result, in the formulation of the RFC and the conclusions reached at steps four and five. The record has been fully developed, no outstanding issues remain, and further proceedings would serve no useful purpose. The record, indeed, exceeds four thousand pages and is replete with evidence supporting plaintiff's claim. This matter has already been remanded once and more than seven years have passed since plaintiff's initial applications for benefits.

ORDER
PAGE - 11

Considering the record, it can be reasonably said that, on further proceedings, an ALJ would be compelled to find plaintiff disabled. The Court, as such, finds this case to present the unusual circumstance of warranting remand for an award of benefits.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for an award of benefits.

DATED this <u>9th</u> day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge